No. 1718.—MEGIBBEN & BROTHER *v.* J. MOORE WILLSON.

A verbal promise to pay a promissory note after prescription has accrued, will not work an interruption of prescription. To establish the interruption, the evidence must show that the promise was made before prescription was acquired.

After a note is prescribed, only written evidence is admissible to prove a renunciation. Acts of 1858, No. 208.

APPEAL from the Fifth District Court for the parish of Orleans. *Leaumont, J.* George L. Bright, for plaintiffs and appellants. *Hornor & Benedict*, for defendant and appellee.

WYLY, J. This suit is to recover the amount of two promissory notes. The defense is general denial and the prescription of five years.

The notes matured on first April and first June, 1861. The defendant was cited on sixteenth April, 1867.

The witness John Henderson testified that the defendant Willson was absent in the Confederate lines during the whole war, returning here in 1866. "When he returned I asked him to pay the two notes. He promised to pay them, and regretted that he had not done so before he left in Confederate money. That was, I think, in 1866."

This is the only evidence in the record to establish the renunciation of prescription, which had accrued before the action was instituted. The notes were upon their faces prescribed, presumed paid; and to recover, it was incumbent on plaintiff to overcome this presumption by proof of interruption of prescription before it had accrued, or by legal proof of the renunciation thereof after it had accrued.

The last of the notes was prescribed on first June, 1866. Plaintiff has not proved an acknowledgment or any interruption of prescription prior to that period. The evidence of the witness Henderson, who thought it was in the year 1866 he conversed with the defendant, and he promised to pay the notes, etc., does not establish with certainty the interruption of prescription or acknowledgment of the claim before the period of prescription had arrived. The conversation to which the witness alludes, if it really occurred in 1866, as he thinks, might have occurred after the first June.

The verbal promise to pay after the lapse of the period of prescription, did not operate a renunciation thereof.

The fourth section of act No. 208, of the act⁻ of 1858, declares parol evidence inadmissible to prove a promise to pay a written obligation, when prescription has already accrued. 14 An. 27.

Therefore, evidence of the character offered in this case cannot establish the renunciation of the prescription of the notes. It did not establish an interruption, because it did not prove the verbal promise to pay occurred prior to the lapse of the period of prescription.

It is therefore ordered, that the judgment of the court *a qua*, dismissing the demand of plaintiff, be affirmed with costs.